UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| DAVID CHAISSON | * | CIVIL ACTION NO. 6:18-CV-835 |
| | * | |
| | * | |
| VERSUS | * | JUDGE DOUGHTY |
| | * | |
| | * | |
| PELLERIN & SONS, INC. | * | MAGISTRATE JUDGE WHITEHURST |

************************************************************************

## PELLERIN & SONS, INC.'S DEFENSES AND ANSWER

NOW INTO COURT, through undersigned counsel, comes Pellerin & Sons, Inc. ("Defendant"), who, in response to the allegations of the Plaintiff's Petition for Damages ("Petition") and subject to all defenses asserted herein and with full reservation of all rights, defenses, objections and claims and with full reservation of the right to supplement this pleading to assert additional defenses, states as follows:

## I.  DEFENSES

### First Defense

To the extent that Plaintiff is seeking any relief beyond the applicable statute of limitations period or to the extent that Plaintiff is seeking to recover damages or pursue claims accruing or arising outside the applicable statute of limitations period, for himself or for or on behalf of or as a representative of any other person, Defendant objects and asserts the defense of statute of limitations.  Alternatively, Defendants assert the applicable statute of limitations period of two years as a bar to Plaintiff's claims, relief or damages or as a bar to recovery for Plaintiff or for any other person.

### Second Defense

Defendant asserts the Plaintiff's failure to state a claim upon which relief may be granted,

to the extent that Plaintiff has failed to articulate or establish the applicability, in whole or in part, the Fair Labor Standards Act.

### Third Defense

Defendant asserts the defense of vagueness or ambiguity of the Plaintiff's Petition on the grounds that it fails to describe, with specificity and particularity, sufficient facts to establish Plaintiff's right and capacity to proceed with a collective action or in a representative capacity on behalf of any other person. Moreover, Plaintiff has failed to allege, with particularity or specificity, sufficient facts to establish that other similarly situated employees exist, as well as Plaintiff's right or capacity to proceed with a collective action under the Fair Labor Standards Act.

### Fourth Defense

Defendant asserts the defense of Plaintiff's lack of standing to bring legal action on behalf of others or that Plaintiff has standing to sue in a representative capacity or in a collective action under the Fair Labor Standards Act, including 29 U.S.C. §216(b).  Moreover, Plaintiff has failed to articulate or to establish the existence of similarly situated individuals or similarly situated claims necessary for action under 29 U.S.C. §216(b).  Additionally, Plaintiff has failed to establish consent of others that are not parties to this lawsuit for the Plaintiff to proceed on their behalf or for their interests or to otherwise satisfy the requirements of 29 U.S.C. §216(b). Defendant asserts the foregoing as collective defenses or, alternatively, as independent defenses to the Plaintiff's claims and lawsuit.

### Fifth Defense

Defendant asserts that, at all times, it has acted in good faith and reasonably and Defendant asserts the defenses of good faith and reasonableness.  Moreover, Defendant has not

acted willfully, intentionally or in bad faith in connection with its pay practices.

## Sixth Defense

To the extent that Plaintiff has failed to take action to avoid or mitigate his damages or claims or to the extent that Plaintiff has otherwise failed to avoid harm or damages by his own actions, errors or omissions, Defendant asserts the defenses of failure to mitigate damages, waiver and estoppel.

## Seventh Defense

Defendant asserts that Plaintiff engaged in acts, errors, omissions or conduct which caused or contributed to the claim of damages alleged and, as such, Defendant alleges and asserts the Plaintiff's comparative fault, contributory fault or Plaintiff's own failure to avoid harm. Moreover, Plaintiff is estopped from asserting such claims based on his own actions, errors, omissions or conduct and, as such, Defendants assert the defenses of estoppel and waiver.

## Eighth Defense

Defendant raises the defense of failure to state a claim upon which relief can be granted, to the extent that one or more of the exemptions under the provisions of the Fair Labor Standards Act and its regulations are applicable to Plaintiff and said exemptions are asserted herein and incorporated herein by reference and are asserted as affirmative defenses to liability.

## Ninth Defense

Defendant asserts the defense of Plaintiff's failure to state a claim upon which relief may be granted, in whole or in part, against Defendant, based, in whole or in part, on the Plaintiff's allegations or, alternatively, the lack of allegations or specificity of allegations by Plaintiff in his Petition and as a matter of law.

## Tenth Defense

Defendant asserts that Plaintiff has failed to state a claim upon which relief may be

granted, as a matter of law, and, in particular, as related to any assertion of claim for liquidated damages, exemplary damages, punitive damages or other similar damages.  Moreover, the facts alleged by Plaintiff in the Petition fail to state a cognizable claim for relief for liquidated damages, exemplary damages, punitive damages or other similar damage and there is no basis for the award of such damages as alleged, as asserted, as may be alleged or as may be asserted by Plaintiff and as a matter of law.  Moreover, any and all actions taken by Defendant, if any, were at all times in good faith and reasonable and any and all actions taken, if any, in any way related to Plaintiff were in good faith and reasonable.  Any assertion or imposition of liquidated damages, exemplary damages, punitive damages or similar damages would be violative of any and all rights of Defendant under the facts alleged and as a matter of law and Defendant hereby asserts and invokes his rights and protections, including applicable protections of the United States Constitution and the Amendments thereof, as well as the Constitution and laws of any applicable state.

## Eleventh Defense

To the extent that Plaintiff is seeking any relief beyond that which is provided by applicable law, Defendant asserts Plaintiff's failure to state a cognizable claim for relief and any and all relief, which is at all times, disputed, contested and denied, is limited by applicable law.

## Twelfth Defense

Defendant hereby asserts any and all statutory defenses as provided under applicable law, including the Fair Labor Standards Act and its regulations, as well as any and all other statutory defenses as may be provided by law and any and all such statutory defenses are incorporated herein by reference as if copied in extensio.  Moreover, Defendant asserts, as defenses, all legal elements and burdens of proof required in connection with Plaintiffs' asserted claims, including

any and all requirements and elements under the Fair Labor Standards Act and its regulations.

## Thirteenth Defense

Defendant hereby asserts any and all applicable exemptions under the Fair Labor Standards Act and any and all such exemptions are incorporated herein by reference as if copied in extensio.

## Fourteenth Defense

Defendant asserts the defense of Plaintiff's failure to state a claim upon which relief may be granted, based on Plaintiff's failure to designate or specify the particular hours worked by them, the workweeks alleged at issue and the activities in which they engaged.  The foregoing also raises affirmative defenses.

## Fifteenth Defense

As an alternative defense and to the extent that any minimal amounts of time were worked by Plaintiff to which they were eligible or qualified for compensation, which is at all times disputed, contested and denied, Defendant asserts as an alternative defense, the *de minimus* rule as a defense for liability, limitation upon relief or bar to claims.

## Sixteenth Defense

 To the extent that Defendant has made payment to Plaintiff for hours not actually worked or for time that is otherwise not compensable, Defendant hereby asserts the affirmative defenses of offset, reduction, credit and setoff to any and all amounts alleged or claimed by Plaintiff or, alternatively, to the extent that there is any recovery by Plaintiff which, at all times, is disputed and contested.  Additionally and to the extent Plaintiff received loans or advances that were not paid back and to the extent Plaintiff received any property for which he did compensate Defendant, Defendant asserts the affirmative defenses of offset, reduction, credit and setoff.

## Seventeenth Defense

Defendant is entitled to recover any and all attorney's fees, costs and expenses incurred in defense of this action pursuant to applicable law.

## Eighteenth Defense

Defendant reserves the right to supplement any and all defenses asserted herein and to raise additional defenses during the course of litigation.

## II.  ANSWER TO PETITION

AND NOW, subject to the above objections and defenses, with full reservation and assertion thereof and without any waiver thereof, Defendant further responds to the Plaintiff's Petition as follows:

1.

In response to the allegations of paragraph 1 of the Plaintiffs' Petition, said allegations are denied to the extent Plaintiff is asserting any liability and wrongdoing on the part of Defendant. Defendant does admit that it is a Louisiana corporation with its principal place of business located in Lafayette, Louisiana.

2.

In response to the allegations of paragraph 2 of the Plaintiffs' Petition, said allegations are denied, as written.  Defendant does admit that for a designated period of time, Plaintiff was employed by Defendant.

3.

In response to the allegations of paragraph 3 of the Plaintiffs' Petition, said allegations are denied, as written.

4.

In response to the allegations of paragraph 4 of the Plaintiffs' Petition, said allegations are denied, as written.

5.

In response to the allegations of paragraph 5 of the Plaintiffs' Petition, said allegations are denied, as written.

6.

In response to the allegations of paragraph 6 of the Plaintiffs' Petition, said allegations are denied, as written.

7.

In response to the allegations of paragraph 7 of the Plaintiffs' Petition, said allegations are denied, as written.

8.

In response to the allegations of paragraph 8 of the Plaintiffs' Petition, said allegations are denied, as written.

9.

In response to the allegations of paragraph 9 of the Plaintiffs' Petition, said allegations are denied, as written.

10.

In response to the allegations of paragraph 10 of the Plaintiffs' Petition, said allegations are denied.

11.

In response to the allegations of paragraph 11 of the Plaintiffs' Petition, said allegations are denied.

12.

In response to the allegations of paragraph 12 of the Plaintiffs' Petition, said allegations are denied, as written.

13.

In response to the allegations of paragraph 13 of the Plaintiffs' Petition, said allegations are denied.

14.

In response to the allegations of paragraph 14 of the Plaintiffs' Petition, said allegations are denied, as written, save and except to admit that Plaintiff abandoned his job and quit on or about June 12, 2017.

15.

In response to the allegations of paragraph 15 of the Plaintiffs' Petition, said allegations are denied.

16.

In response to the allegations of paragraph 16 of the Plaintiffs' Petition, said allegations are denied.

17.

In response to the allegations of paragraph 17 of the Plaintiffs' Petition, said allegations

are denied.

18.

In response to the allegations of paragraph 18 of the Plaintiffs' Petition, said allegations are denied.

19.

In response to the allegations of paragraph 19 of the Plaintiffs' Petition, said allegations are denied.

20.

In response to the allegations of paragraph 20 of the Plaintiffs' Petition, said allegations are denied.

21.

To the extent that any of the allegations of the Plaintiff's Petition have not been answered herein, said allegations are denied. In addition, Defendant denies the Plaintiff's prayer for relief and any allegations contained in the introduction and prayer for relief.

WHEREFORE, premises considered, Pellerin & Sons, Inc. prays that this Defenses and Answer pleading be deemed good and sufficient and that its defenses be granted and sustained and that this lawsuit and all claims asserted by any and all plaintiffs be dismissed with prejudice at their cost.  Pellerin & Sons, Inc. further prays that it be awarded any and all attorney's fees, costs and expenses incurred in defense of this action pursuant to applicable law or as otherwise may be allowable by applicable law and that any and all plaintiffs be cast individually, jointly, severally and in solido for same.  Pellerin & Sons, Inc. further prays for any and all other relief, at law, in equity or otherwise.

Respectfully submitted:

s/Joel P. Babineaux
Joel P. Babineaux (LA #21455) (T.A.)
Attorneys for Pellerin & Sons, Inc.
Babineaux, Poche', Anthony & Slavich, L.L.C.
P.O. Box 52169
Lafayette, LA 70505-2169
Phone: (337) 984-2505
Fax: (337) 984-2503
Email: jbabineaux@bpasfirm.com

Gregory J. Logan (LA #23395)
Attorneys for Pellerin & Sons, Inc.
The Logan Law Firm
700 Jefferson Street
P.O. Box 52704
Lafayette, LA  70505
Phone: (337) 406-9685
E-mail: greg@loganfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 29, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Tracy P. Curtis

s/Joel P. Babineaux
Joel P. Babineaux (#21455) (T.A.)
Attorneys for Pellerin & Sons, Inc.
Babineaux, Poche', Anthony & Slavich, L.L.C.
P.O. Box 52169
Lafayette, LA 70505-2169
Phone: (337) 984-2505
Fax: (337) 984-2503
Email: jbabineaux@bpasfirm.com