# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| DAVID CHAISSON | CIVIL ACTION NO. 6:18-0835 |
| VERSUS | MAG. JUDGE WHITEHURST |
| PELLERIN & SONS, INC. | BY CONSENT OF THE PARTIES |

## MEMORANDUM RULING

Pending before the Court are two motions for summary judgment, to wit, the Motion for Summary [Rec. Doc. 21] filed by the plaintiff, David Chaisson, and the Motion for Summary Judgment [Rec. Doc. 19] filed by the defendant, Pellerin & Sons, Inc. ("PSI"). The motions are, in effect, cross motions for summary judgment, both parties seeking judgment on all claims in this case. Both motions are opposed [Docs. 29, 30], and PSI filed a reply brief in response to the plaintiff's opposition brief [Doc. 39]. For the following reasons, PSI's motion is GRANTED, the plaintiff's motion is DENIED.

### I. Factual and Procedural Background

The instant matter was originally filed in the Fifteenth Judicial District Court for the Parish of Lafayette, Louisiana and asserts a claim for unpaid overtime, purportedly under both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.* and the Louisiana Wage Payment Act, La. Rev. Stat. 23:631, *et seq.* ("LWPA").

The plaintiff was employed by PSI as a manual laborer for years until his employment ended on June 12, 2017. The plaintiff alleges that PSI failed to pay him overtime from the time he began work at PSI until the date he left employment. He also alleges PSI violated the record keeping provisions of the FLSA, contained in 29 C.F.R. 516, et seq., because it did not utilize time cards, a time clock, or another means of tracking an employee's actual hours worked.[1] The plaintiff alleges that under the LWPA, he is entitled to "wages due" and reasonable attorney's fees. Finally, the plaintiff seeks monetary relief under 29 U.S.C. §216(b).

PSI removed the matter to this Court on June 22, 2018 on the grounds that the plaintiff expressly asserted a claim for overtime compensation under the FLSA. The parties filed cross motions for summary judgment on May 17, 2019 (PSI) and May 20, 2019 (plaintiff). The motions are now ripe for consideration.

## II. Contentions of the Parties

In its motion, PSI focuses on the issue of preemption, arguing that the plaintiff's claim for unpaid wages under the LWPA is preempted by the FLSA, and that the plaintiff's state law claims must be dismissed as a matter of law. PSI goes on to argue that the plaintiff has no claim under the FLSA for unpaid overtime

---

[1] The plaintiff does not oppose PSI's argument in its Motion for Summary Judgment that the FLSA's record keeping provisions do not provide a private right of action and that this claim must be dismissed. See *Edwards v. 4JLJ, LLC,* 2017 WL 40363, at *2 (S.D. Tex. Jan. 4, 2017). The Court agrees that there is no private right of action under 29 USC §211(c) or 29 C.F.R. §516.2(a)(6-7).

because the plaintiff fails to set forth any summary judgment evidence that he worked for more than forty hours in any workweek and that he was not paid for any alleged overtime work during the time period applicable to this lawsuit. In response to this motion, the plaintiff – despite having alleged claims under the FLSA -- argues that the FLSA does not, in fact, apply to his claims, leading to consternation on the part of the Court in attempting to identify the claims pled and the governing law.[2]

In its reply brief to the plaintiff's opposition, PSI argues that the plaintiff appears to now be arguing he has a claim for unpaid regular pay under the LWPA, with associated LWPA penalties.[3] PSI points out, however, the plaintiff has not asserted any such claim in his Petition. The only facts pled in the plaintiff's Petition are those relating to the plaintiff's claim for overtime pay for hours allegedly worked in excess of 40 hours per week over the course of his employment. Specifically, the sole claim asserted by the plaintiff is one for $6,240.00 in unpaid overtime pay per year and penalties for PSI's alleged failure to pay overtime. In short, the Petition does not include a claim for alleged unpaid regular pay.

---

[2] After considering the briefs filed by the parties in connection with their cross motions for summary judgment, the Court became concerned that subject matter jurisdiction did not exist. In an effort to clarify the claims and governing law, the Court sua sponte ordered additional briefing.

[3] The plaintiff set forth this theory in his own Motion for Summary Judgment, which PSI opposed for the same reasons asserted in its reply brief. *R. 21-9; R. 30-1.*

In response to this Court's Sua Sponte Briefing Order, PSI renews its arguments that the plaintiff, in fact, does not allege a claim for unpaid regular wages under the LWPA. PSI points to the fact that the amounts sought by the plaintiff in his original Petition are actually the same amounts he seeks as overtime wages under the FLSA. PSI reiterates that the plaintiff has not properly pled facts that support a claim under the FLSA. Finally, PSI argues that, to the extent the plaintiff has alleged a claim for unpaid overtime wages under state law, he fails to submit evidence to defeat summary judgment on this claim, because he cannot show that he is entitled to overtime wages under state law in the absence of a contractual agreement with his employer, which the plaintiff concedes he did not have.

In his response to the briefing order, the plaintiff simply acknowledges that he "cannot assert facts about plaintiff's activities that trigger application of [the] FLSA." The plaintiff then goes on to argue the FLSA nevertheless applies based on his belief that PSI is an FLSA "enterprise." Plaintiff also cites to a provision from The Department of Labor's Field Operations Handbook to support an alternative argument regarding individual coverage.

### III. Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)(en banc). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[4] *Id.* at 322-23.

Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.*, 477 U.S. at

---

[4] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.* at 322.

324; Fed.R.Civ.Pro. 56(c). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144. 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson,* 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.,* 958 F.2d 95, 97 (5th Cir.1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 178 (5th Cir.1990).

If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

## IV. Law and Analysis

### A. Plaintiff's FLSA Claims

A plaintiff bringing an action for unpaid overtime under the FLSA must demonstrate: "(1) that there existed an employer-employee relationship during the unpaid . . . periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime . . . wage requirements; and (4) the amount of overtime . . . compensation due." See, e.g., *Johnson v. Heckmann Water Res. (CVR), Inc.,* 758 F.3d 627, 630 (5th Cir. 2014); *Harvill V. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 441 (5th Cir. 2005)(citing *Anderson v. Mount Clemens Pottery Co.,* 328 U.S. 680, 687-88 (1946) . . . ; *Newton v. City of Henderson,* 47 F.3d 746, 748 (5th Cir. 1995). In order to establish coverage under the FLSA, the plaintiff must show (1) that he was personally engaged in commerce or the production of goods for commerce ("individual coverage") or (2) that he was employed by an enterprise engaged in such activity ("enterprise coverage"). 29 U.S.C. §207(a)(1). "Enterprise coverage" requires that the FLSA "enterprise" has (i) employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) an annual gross volume of sales or business done is not less than $500,000.

29 U.S.C. §203(s)(1). Thus, the FLSA applies only to individuals and enterprises engaged in "activities constituting interstate commerce, not activities merely affecting commerce." *Ridley v. Penbar, Inc.,* 2018 WL 398231 (S.D. Tex. 2018).

The plaintiff alleges no facts in his Petition invoking FLSA coverage. Indeed, the plaintiff specifically *denies* FLSA applicability in his opposition to PSI's Motion for Summary Judgment, stating that "Pellerin & Son failed to introduce any evidence that it is engaged in interstate commerce" and "the facts plaintiff submitted indicate that Pellerin & Wallace, a demolition company, conducts purely intrastate operations." *R. 29, p. 4.* In response to this Court's briefing order, the plaintiff admits that he cannot assert facts about his activities that trigger application of the FLSA, but argues, without presenting any supporting facts, that PSI is an "enterprise" (contrary to his previous assertion). *R. 48, p. 1.* Nevertheless, the plaintiff relies on a provision from The Department of Labor's Field Operations Handbook to support his argument that individual coverage is indicated if the individual's employer is a wrecking contractor which has reason to believe that part of the salvaged material will move in interstate commerce. *R. 48, pp. 1-3.*

The plaintiff has submitted contradictory arguments regarding FLSA coverage. With regard to facts, however, he has presented none establishing the applicability of the FLSA in this case. This is so, despite this Court's order

8

requiring the parties "to file memorandum setting forth specific facts" to support the alleged FLSA claims in this case. *R.46, p. 5.* This case has been pending for over a year and the parties have had adequate time for discovery. This Court can only assume that if the plaintiff had facts to support FLSA coverage, those facts would have been asserted in his Petition as required or, at a minimum, would have been set forth in response to this Court's order seeking clarity on the plaintiff's claims. Accordingly, this Court finds that Summary Judgment is warranted in favor of PSI on the plaintiff's FLSA claims.

Even if this Court were to assume FLSA coverage of the plaintiff's claims, however, summary judgment would still be warranted in favor of the PSI. The FLSA requires employers to compensate their employees at a rate of not less than one and one-half the regular rate of pay for hours worked in excess of 40 hours per week. 29 USC §207. Thus, the relevant inquiry is whether the plaintiff actually worked more than 40 hours total per workweek and, if so, whether the plaintiff was paid overtime for the hours worked in excess of 40 hours.

In support of its Motion for Summary Judgment, PSI submitted the Sworn Declaration of David Pellerin which establishes that PSI maintained check-in sheets, timesheets, pay journals and pay stubs. *R. 19-2.* The declaration states that Plaintiff normally worked 6-8 hours per day, or 30-40 hours per week, depending on the

weather and other working conditions. *Id.* When Plaintiff showed up for work he was manually checked in on the check-in sheet for that day. *Id.* When Plaintiff showed up for work and checked in, he was paid for eight hours that day, even when he worked less than eight hours, due to weather or for other reasons. *Id.* Plaintiff also had a break for lunch of approximately 30 minutes. *Id.* If Plaintiff worked on a weekend, he was paid time and a half for all hours worked and his weekend work was tracked on the check-in sheets. *Id.* The copy of Plaintiff's pay stub and an excerpt from the PSI employee pay journal for the pay period of January 1, 2015 to January 7, 2015, show that plaintiff was paid for an hour of overtime on Tuesday, January 6, 2015, when he worked an hour in excess of eight hours. *R. 19-3, 19-4.* These records corroborate the Sworn Declaration of David Pellerin.

While the plaintiff submits that he worked 47.5 hours per week every week of every year in the limitations period, actually starting work at 5:30 a.m. each and every day, *R. 21-1, ¶¶16-19, 24-25,* the record does not support this claim. In contrast to the summary judgment evidence submitted by PSI, the Plaintiff has submitted no competent summary evidence establishing that he worked overtime, for which he was not compensated at the overtime rate of time and a half, in any given workweek. At best, Plaintiff can only point to his own testimony that he "was working like eight to ten hours a day" in the month June 2017" and that he would

start work at whatever time David Pellerin "would get out of the truck." *R. 29, p. 2.; R. 21-6.* Plaintiff's testimony indicates that he started his drive to David Pellerin's house at 5:30 a.m., but does not indicate what time he arrived at David Pellerin's house or what time he started to perform his work duties.[5] Plaintiff cannot defeat summary judgment on his purported FLSA claim with unsubstantiated, speculative and conclusory estimates of overtime hours which are insufficient to show the amount and extent of alleged overtime work performed. *Ihegword v. Harris Cnty. Hosp.,* 555 Fed. Appx. 372 (5th Cir. 2014); and *Sola v. Umbrella Surgical Support, LC,* 2018 WL 6496873 (S.D. Tex. 2018). Additionally, to the extent that Plaintiff relies on the uncertified transcript of testimony of Phyllis Dumesnil, the Court finds that even if considered, such testimony, in fact, corroborates David Pellerin's Sworn Declaration regarding the plaintiff's check-in sheets, timesheets, and overtime payment.

Plaintiff has failed identify any affirmative evidence to defeat PSI's Motion for Summary Judgment regarding his claims for unpaid overtime under the FLSA. Accordingly, even if FLSA coverage were established, there are no material issues of fact precluding summary judgment in favor of PSI on these claims.

---

[5] The Court notes that the transcript of the worker's compensation trial submitted by Plaintiff is not certified and is, therefore, not competent summary judgment evidence under Federal Rules of Evidence 902(4) and 1005.

## B. Plaintiff's LWPA Claims

With regard to Plaintiff's LWPA claims, the Court finds that Summary Judgment is likewise appropriate. First, the plaintiff fails to specifically allege a claim for unpaid regular wages under the LWPA in his Petition. The only facts pled in the plaintiff's Petition are those relating to the plaintiff's claim for overtime pay for hours allegedly worked in excess of 40 hours per week over the course of his employment. Indeed, the sole claim asserted by the plaintiff is one for $6,240.00 in unpaid overtime pay per year and penalties for PSI's alleged failure to pay overtime.[6] Plaintiff's Petition contains no factual allegation that he is owed $18.00 in regular pay or any other amount of regular pay. Plaintiff raises this theory for the first time at the summary judgment stage. It is axiomatic that a claim cannot be pled for the first time in briefing on a pending motion. See, e.g., *Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("[a] claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court," citing *Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir.1990)).

Any claim under the LWPA for unpaid overtime pay also fails. Louisiana state law does not mandate the payment of overtime wages, except in cases where

---

[6] Paragraph 15 of the Petition states: "At termination, La. R.S. 23:631(A) [the LWPA} entitled Chaisson to his wages then due totaling no less than $6,2400, per year." *R. 3*.

the employee had a contract for overtime wages with his employer. As the court stated in *Joffrion v. Excel Maintenance Serv.*, 2011 WL 5190524, *2 (M.D. La. 2011):

> This Court has previously recognized that Louisiana does not have a state statute that provides for the recovery of overtime wages absent a contract to pay overtime. Absent a contract, payment of overtime wages is governed exclusively by the FLSA, 28 U.S.C. § 207. *Woods v. Berean Children's Home, Inc.,* 2010 WL 1050120 (M.D.La.2010), citing *Odom v. Respiratory Care, Inc*., 1998–0263 (La.App. 1 Cir. 2/19/99), 754 So.2d 252 (payment of overtime wages governed by FLSA).

2011 WL 5190524, at *2 (M.D. La. Sept. 20, 2011), report and recommendation adopted, 2011 WL 5238795 (M.D. La. Oct. 31, 2011). Here, the plaintiff has acknowledged that he had no contract with PSI for the payment of overtime wages. *R. 29-1, ¶14.* Absent a contract mandating the payment of overtime wages, payment of overtime is governed exclusively of the FLSA. *Brand Energy Solutions, LLC, et al v. Gilley,* 2017 WL 710951, at *2 (W.D. La. Feb. 22, 2017).

## V. Conclusion

Considering the foregoing, the Court finds there are no issues of material fact with respect to the plaintiff's claims alleged under both the FLSA and the LWPA, and PSI is entitled to summary judgment on both claims.

THUS DONE AND SIGNED this 25th day of November, 2019.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE